# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7407 | **DATE** | 12/18/2003 |
| **CASE TITLE** | Gloria Barrientos vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's Motion to Alter Amended Judgment pursuant to Rule 59(e) is hereby granted. The case is remanded to the Social Security Administration for further proceedings. AK

(11) ■ [For further detail see order attached to the original minute order.]

United States District Court
Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| GLORIA BARRIENTOS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7407 |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | Magistrate Judge Arlander Keys |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Gloria Barrientos first filed for Disability Insurance Benefits on May 22, 1989. She filed the application that eventually led to this lawsuit, her third application, on August 17, 1993. Since that time, her claim for benefits has meandered through the Social Security Administration and through the dockets of the United States District Court, including this Court. After the second district court remand and the third remand of the case from the Commissioner to the ALJ, the ALJ found that, while Ms. Barrientos was not disabled as of May, 1990, as she alleged, she became disabled in August, 1995, when she attained the age of 55. The only issue here is whether Ms. Barrientos was disabled between May 10, 1990 and August 9, 1995. If so, she is entitled to payments for that five-year period.

Most recently in the case, on November 25, 2003, this Court issued a Memorandum Opinion and Order remanding the case for the third time to the Social Security Administration for further

proceedings. As a practical matter, the effect of the Court's opinion, and the judgment entered in connection therewith, is that the fifteenth anniversary of Ms. Barrientos' first application will come and go, and she will likely still have no final answer as to her entitlement to benefits.

On December 10, 2003, Ms. Barrientos filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), asking the Court to reverse the Commissioner outright and award benefits, rather than remanding the case yet again. Ms. Barrientos noticed her Rule 59(e) Motion for Monday, December 15, 2003, and sent notice to the Commissioner. Despite proper notice, the Commissioner failed to appear at the appointed time, and she has not otherwise opposed the motion.

42 U.S.C. §405(g) authorizes the Court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In its November 25, 2003 Memorandum Opinion and Order, the Court found that the record contained conflicting evidence on Ms. Barrientos' ability to perform other work in the economy, and therefore declined to reverse the Commissioner outright, opting instead (in an over-abundance of caution) to send the matter back for what it hoped would be the last time. In particular, the Court noted that the ALJ failed to reconcile the conflicting testimony of the VE from

the first hearing (the hearing from which all records were lost) and the VE from the second hearing (which was supposed to be *de novo*, but which the ALJ treated as supplemental). But, as Ms. Barrientos points out in her Rule 59(e) Motion, the first VE's testimony is no longer part of the record (because the Court struck that evidence when the Administration lost the hearing tapes). And there is, therefore, no conflict in the VE testimony. The second VE's testimony, in combination with the other testimony from the second hearing and the medical records, yields only one possible conclusion: given her limitations, age and education, Ms. Barrientos was incapable of performing any work in the national economy during the period from May 10, 1990 to August 9, 1995. Thus, the Court agrees that the decision to remand the case must be altered; the Commissioner's most recent decision should be reversed, rather than remanded. *See Parks v. Sullivan*, 766 F.Supp. 627, 638 (N.D. Ill. 1991)(reversal, not remand, is the appropriate course of action where a remand would only delay the receipt of benefits). As Judge Shadur said in *Parks*, a case in which the claimant's disability request had languished less than half the time Ms. Barrientos' request has languished, "[e]nough is enough." *Id.*

Ms. Barrientos' Rule 59(e) Motion is granted, and the case is remanded to the Social Security Administration for the purpose of granting Ms. Barrientos' third application for Disability Insurance Benefits.

DATED: December 18, 2003         ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge