Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7407 | **DATE** | 5/6/2004 |
| **CASE TITLE** | Gloria Barrientos vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's counsel's application for fees and costs [#39] is hereby **granted**. The Court awards fees and costs under the EAJA in the amount of $11,711.45. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 07 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 07 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/6/2004 date mailed notice | |
| FT/ *pecy* | courtroom deputy's initials | 2004 MAY -6 AM 10:38 | FT mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA BARRIENTOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00 C 7407 |
| | ) | |
| JO ANNE B. BARNHART, | ) | Magistrate Judge Arlander Keys |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Last December, the Court issued a Memorandum Opinion and Order reversing the Commissioner's decision denying Gloria Barrientos' claim for Disability Insurance Benefits, and remanding the matter for the sole purpose of awarding benefits. *See Barrientos v. Barnhart*, No. 00 C 7407, 2003 WL 23305836 (N.D. Ill. Dec. 19, 2003). The Court took the relatively drastic step of reversing the Commissioner outright, in large part, because Ms. Barrientos' claim had already been remanded twice from the district court to the Commissioner, and three times from the Commissioner to the ALJ. Having determined that the evidence in the record "yields only one possible conclusion" - that Ms. Barrientos was disabled - the Court found that further remand would have served only to delay the inevitable award of benefits to a woman who had already been waiting for almost fifteen years.

Shortly thereafter, counsel for Ms. Barrientos petitioned

the Court for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, — S.Ct. —, No. 02-1657, 2004 WL 938027, at *4 (May 3, 2004) (citing 28 U.S.C. § 2412(d)(1)(A)). A position is substantially justified if it was "grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

As explained, the Court determined that the record evidence allowed for "only one possible conclusion: given her limitations, age and education, Ms. Barrientos was incapable of performing any work in the national economy. . . ." *Barrientos v. Barnhart*, No. 00 C 7407, 2003 WL 23305836, at *1 (N.D. Ill. Dec. 19, 2003). In light of this, the Government would be hard pressed to show that its position, which was consistently predicated on the opposite conclusion, was substantially justified. Indeed, the Government has not met its burden in this regard. The Court, therefore,

2

finds that an award is appropriate under the EAJA. This conclusion is bolstered by the simple fact that it would be an outrage, from a policy perspective, to turn counsel away after everything he endured to achieve what can only be described as a long overdue, wholesale victory for his client. *See Hallmark*, 200 F.3d at 1080 (recognizing that a fee award under the EAJA also involves "a certain element of policy").

Having decided that an award of fees is appropriate in this case, the Court must consider whether counsel should be permitted to recover fees and costs incurred in connection with *Barrientos v. Apfel*, No. 97 C 2620, in addition to the fees and costs incurred in connection with this case. In that earlier case, Ms. Barrientos "prevailed" in the sense that the court remanded the matter to the Commissioner for further proceedings. Her attorney – the same attorney involved in this case – applied for an award of fees and costs under the EAJA, and Judge Shadur, to whom the case was assigned, denied the application. In doing so, he noted that the favorable result had obtained, not because of anything Ms. Barrientos' attorney had done, but because the Government, "as a matter of fairness (not really as a matter of law)," voluntarily agreed to remand the case. *See Barrientos v. Apfel*, No. 97 C 2620, 1998 WL 245995, at *1 (N.D. Ill. May 5, 1998). Judge Shadur denied the application because, under these circumstances, an award would have been unjust. He also noted

that, although he had not been called upon to pass on the merits of the arguments raised on appeal, the Government's position "appear[ed] on initial analysis to satisfy the 'substantially justified' test." *Id.* at *2.

Before closing, Judge Shadur noted that, if Ms. Barrientos' case made it back to the district court, and if counsel could demonstrate that his efforts in Judge Shadur's case "demonstrably lessened" the required expenditure of effort in the new case, "it might perhaps prove appropriate for the court's ruling on any EAJA application at that time to take into account the services rendered in this action for which no fees are now being awarded." *Id.* Based on this language, counsel asks the Court to award fees incurred in both cases.

The Court agrees that Judge Shadur, in denying the EAJA fee petition in the earlier case, left open the possibility that counsel could recoup some or all of the fees and costs incurred in his case. But his opinion makes clear that, in his view, the Government had handled itself in that case in a reasonable – indeed, a magnanimous – fashion. Given the tenor and content of his opinion, the Court is unwilling to grant counsel the windfall he seeks. Moreover, counsel's argument that the work done in the earlier case saved significant time and effort in this case rings somewhat hollow, given that the time spent briefing the issues in the two cases appears to be roughly the same.

4

Finally, the Court turns to the question of the amount of the award. Counsel argues that the appropriate rates for attorney time are $140.00/hour for work performed in 2000, $143.75/hour for work performed in 2001, $146.25/hour for work performed in 2002, and $148.75/hour for work performed in 2003 and 2004; for law clerks, counsel argues that $100/hour is the appropriate rate. The Government does not challenge these rates, and the Court finds them to be reasonable.

Additionally, after reviewing the bills submitted by counsel, the Court finds that the time spent pursuing this case was reasonable; indeed, the Government does not argue otherwise, it merely points out a mistake counsel made in computing the total time to be reimbursed. The Court finds that the amount of time counsel and his law clerks reasonably spent on this case was 85.15 hours. Thus, the Court will award counsel for Ms. Barrientos fees and costs in the amount of $11,711.45. This amount consists of:

(1) attorney's fees in the amount of $11,495.45, comprised of

$392.00 for 2000 (2.8 hours x $140.00),

$1,674.69 for 2001 (11.65 hours x $143.75),

$2,325.38 for 2002 (15.9 hours x $146.25),

$3,540.25 for 2003 (23.8 hours x $148.75),

$1,413.13 for 2004 (9.5 hours x $148.75), and

5

$2,150.00 in law clerk fees (21.5 hours x $100.00);

(2) copying costs in the amount of $66.00 (440 x 15¢); and

(3) the $150.00 filing fee.

## Conclusion

For the reasons set forth above, the application for fees and costs filed by counsel for Ms. Barrientos is granted. The Court awards fees and costs under the EAJA in the amount of $11,711.45.


Dated: May 6, 2003

ENTER:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge